UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO. 06-60881-CIV-MARRA/JOHNSON

VINCENT STRUMOLO,

      Plaintiff,

v.

ALTERNATE FAMILY CARE, INC.,
a Florida Corporation, CENTRE FOR
INNOVATIVE SOLUTIONS, INC., a
Florida corporation, and DAVID L.
FERGUSON, individually,

      Defendants.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant Centre for Innovative Solutions, Inc.'s

Motion for Summary Judgment (DE 51).  The motion is now fully briefed and is ripe for review.

The Court has carefully considered the motions and is otherwise advised in the premises.

## Background

The facts of this case have already been summarized in detail in the Court's Order of

November 14, 2007 (DE 29).  The Court incorporates by reference that recitation of facts into the

present Order and summarizes the relevant facts for the instant motion as follows: Plaintiff

Vincent Strumolo ("Plaintiff") began working for Defendant Alternate Family Care, Inc.

("AFC") in 1990.  (Strumolo Dep. 18.)  He remained employed with AFC in a variety of

positions until 2006.  (Strumolo Dep. 78.)  While employed with AFC, Plaintiff developed a

therapeutic treatment method entitled Resolution Focused Therapy ("RFT").  (Strumolo Dep. 34,

1

41-49.)  After developing the treatment program, Plaintiff created a written description of the method and an accompanying diagram.  (Strumolo Dep. 127-28.)  Plaintiff completed his work in October 2005.  (Strumolo Dep. 129.)  Plaintiff registered the work in either February or March 2006 with the Copyright Office.  (Strumolo Dep. 124.)

Plaintiff alleges that Defendant Centre for Innovative Solutions ("CIS") tried to use his work without giving him proper credit.  (Strumolo Dep. 88.)  Plaintiff claims that CIS is a "sister company" to AFC, but he stated that he did not know anything else about CIS.  (Strumolo Dep. 88-89.)  Plaintiff stated that what he did know about CIS were "the things that [he has] heard from David Ferguson in meetings."  (Strumolo Dep. 89.)  Plaintiff stated that his "direct knowledge" of CIS was that CIS related to AFC through the training of foster parents.  (Strumolo Dep. 90.)

According to David Ferguson, President of both AFC and CIS, "CIS does not currently engage in any activities or conduct any business.  CIS is, in essence, 'dormant,' and has been since it ended its employee leasing contract with AFC as of May 1, 2005."  (Ferguson Aff. ¶ 5.)  Further, Ferguson has sworn that "CIS has never utilized, copied or reproduced the framework known as 'Resolution Focused Therapy,' either independently or through its prior affiliation with AFC."  (Ferguson Aff. ¶ 7.)

## Standard of Review

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a

genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-

moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

<u>**Discussion**</u>

At the outset, the Court notes that Plaintiff challenges the instant motion for summary judgment as premature. (Pl. Resp. 1.) Plaintiff argues that it has not had an adequate opportunity to conduct discovery, so any summary judgment motion should be denied until Plaintiff has the opportunity to complete all outstanding discovery.

The Court is not persuaded. Per this Court's Scheduling Order, discovery was to be completed by July 31, 2007. (DE 17.) Subsequently, the Court granted a motion to extend that deadline to October 31, 2007. (DE 37.) The discovery that Plaintiff has not yet completed is limited to a set of interrogatories served on CIS on October 26, 2007 – only five days before the discovery completion deadline. (Pl. Resp. 2.) When CIS failed to respond to that request, Plaintiff made no motion before this Court to compel answers to those interrogatories.[1] Even if Plaintiff's most recent discovery request is considered timely filed, he should have taken some action to compel compliance. Plaintiff had adequate time to complete discovery and Plaintiff had adequate time to seek to compel production of the missing discovery. The fact that Plaintiff did not obtain the information he sought and failed to take, in a timely fashion, reasonable steps authorized by the Federal Rules of Civil Procedure to procure it, are not grounds to deny the instant motion.

To state a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §

_____

[1]CIS also maintains that Plaintiff made no informal requests in this regard, such as a request for an extension of time to serve discovery. (Def. Reply 3.)

106, a plaintiff must demonstrate 1.) ownership of a valid copyright and 2.) copying by defendant of elements of the work that are original.  *See Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007); 4 *Nimmer on Copyright* § 13.01 (2007).  A certificate of registration made before or within five years of the first publication of a particular work is prima facie evidence of ownership and validity of a particular copyright.  17 U.S.C. 410(c).  Plaintiff has alleged that he registered his work *Resolution Focused Therapy, A Treatment Framework for Children Suffering from Trama, Framework* with the Register of Copyrights.  Further, CIS does not dispute that Plaintiff has a valid registration.  (Pl. Mot. 7.)  As such, no triable issue of fact exists with respect to Plaintiff's ownership of a valid copyright in *Resolution Focused Therapy, A Treatment Framework for Children Suffering from Trama, Framework.*

The second element, copying original elements of a plaintiff's work, is more complex. Proof of copying alone is insufficient; "copyright protection may extend only to those components of a work that are original to the author."  *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 348 (1991).  To prevail on this element, a plaintiff must show both copying and that the specific material copied was the author's original "expression." *Id*.  The facts or ideas contained within the plaintiff's work, however, are not afforded any protection – one cannot claim originality as to facts.  *Id*. at 347.  Copying need not be proved by direct evidence.  Instead, a plaintiff can simply show that defendant had access to the copyrighted material and that there is "substantial similarity" between the two works.  *Corwin*, 475 F.3d at 1253.  Proof of access is satisfied by showing that defendant had a "reasonable opportunity" to view the work in question.  *Id*.

Again, the Court reiterates what it has said previously in this case:  Plaintiff appears to

seek protection under the Copyright Act for the *methods* constituting RFT, not merely his written expression.  The Court reminds Plaintiff that Copyright protection only extends to "original works of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102(a).  Plus, "[o]riginal, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  *Feist*, 499 U.S. at 345.

Thus, Plaintiff can only claim protection for RFT as it is fixed in a "tangible medium of expression," and then only for the original aspects of Plaintiff's written product.  Plaintiff's copyright infringement claim must thus be limited to copying of the text of *Resolution Focused Therapy, A Treatment Framework for Children Suffering from Trama, Framework* (the copyrighted work) and not simply the use of his actual methods.  Copyright protection does extend beyond word-for-word copying of a protected text, but the work must still be reproduced in some form.  *See Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1167 (9th Cir. 1977) ("Duplication or near identity is not necessary to establish infringement.").  Thus, to prove infringement by CIS, Plaintiff must first demonstrate that CIS reproduced in a fixed form Plaintiff's protected work.

On the record presented, the Court concludes that no question of fact exists as to whether CIS engaged in copying of Plaintiff's copyrighted work.  Plaintiff, by his own admission, did not complete his written work until October 2005.  Yet, the evidence presented by CIS shows that CIS has not functioned as a corporation since at least May 2005.  Further, CIS submitted evidence that CIS has never utilized or copied RFT in any way.  Plaintiff has produced no evidence of his own to dispute CIS's proffered evidence; Plaintiff only states his fervent belief

6

that material questions of fact exist (without even specifying which factual issues are in dispute).

(*See* Pl. Resp. 3-4.)  As the Court has explained, Plaintiff has had ample time to conduct

discovery in this case.  At this juncture, Plaintiff has produced no evidence sufficient to raise a

triable issue of fact as to whether CIS infringed his copyrighted work.

Accordingly, Defendant CIS's Motion for Summary Judgment (DE 51) is **GRANTED**.

Defendant CIS's Motion to Stay (DE 49) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 30th day of January, 2008.

 

_____

KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record